# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TBK BANK, SSB, a Texas State Savings Bank,<br><br>        Plaintiff,<br><br>  v.<br><br>NAVDEEP KAUR SINGH; and DAVE SINGH,<br><br>        Defendants. | Case No. 1:17-cv-00868-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 12) |

On October 3, 2017, Plaintiff TBK BANK, SSB, a Texas State Savings Bank, ("Plaintiff") filed a motion for default judgment against Defendants Navdeep Kaur Singh and Dave Singh. No opposition was filed.

The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for November 3, 2017. Having considered the moving papers and the Court's file, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED.

## I. BACKGROUND

Plaintiff alleges that Defendants Navdeep Kaur Singh and Dave Singh conduct business at RDX, Inc. in Fresno, California. Doc. 1, Complaint ¶¶ 2, 3. RDX, Inc. filed bankruptcy on

June 28, 2017, and is not a party to this action. Id. at ¶ 7. According to the complaint, on March 21, 2016, Plaintiff loaned RDX, Inc. and Navdeep Kaur Singh $1,987,336.71 pursuant to a Loan and Security Agreement ("LSA 1"). Pursuant to the terms of LSA 1, RDX, Inc. and Navdeep Kaur Singh were required to make 36 monthly payments of $60,954.06 beginning on June 1, 2016 ("Loan 1"). Id. at ¶ 9 and Ex. 1. Plaintiff was granted a security interest in the vehicles set forth in Schedule A to LSA 1 ("LSA 1 Vehicles"). Plaintiff also was granted a blanket lien on all personal property assets of both RDX, Inc. and Navdeep Kaur Singh. Id. at ¶ 10.

Subsequent to the execution of LSA 1, on February 23, 2017, Plaintiff, RDX, Inc. and Navdeep Kaur Singh entered into an extension to LSA 1 ("Extension"). Pursuant to the Extension, RDX, Inc. and Navdeep Kaur Singh agreed to pay the unpaid balance due on LSA 1 in thirty-one (31) consecutive monthly installments beginning on April 1, 2017, in the amount of $61,636.47 and a final installment of the unpaid principal balance plus interest due under the terms of LSA 1. Id. at ¶ 11 and Ex. 2. RDX, Inc. and Navdeep Kaur Singh failed to make the monthly payment due for the month of April 2017, and each and every month thereafter. Further, RDX, Inc. and Navdeep Kaur Singh have defaulted pursuant to the terms of LSA 2 discussed below by failing to make the payments when due, as well as failing to keep the personal property described in LSA 2 insured. Additionally, Navdeep Kaur Singh has defaulted pursuant to his Guaranty of LSA 2. Demand has been made upon RDX, Inc. and Navdeep Kaur Singh to make all payments due and cure all defaults, but RDX, Inc. and Navdeep Kaur Singh have failed to do so. Id. at ¶ 13.

In connection with Loan 1, Defendant Dave Singh executed an Unconditional Guaranty ("Guaranty 1") individually obligating him to pay all sums due and payable to Plaintiff owed by RDX, Inc. and Navdeep Kaur Singh. Id. at ¶ 18. Demand has been made upon RDX, Inc., Navdeep Kaur Singh and Dave Singh to pay all sums due to Plaintiff and cure all defaults pursuant to LSA 1, but Dave Singh has failed to do so. Id. at ¶ 20.

On June 24, 2016, Plaintiff made a loan to RDX, Inc. pursuant to a Loan and Security Agreement ("LSA 2"). Pursuant to the terms of LSA 2, RDX, Inc. was to make 60 monthly installments at $11,549.10 beginning on September 5, 2016, and one installment payment of

$142,222.56 ("Loan 2"). Id. at ¶ 24 and Ex. 4. Plaintiff was granted a lien on other vehicles set forth in Schedule A to LSA 2. Plaintiff also was granted a lien on all other personal property collateral. Id. at ¶ 25.

RDX, Inc. failed to make the monthly payment for June 2017. Plaintiff alleges that RDX, Inc. and Navdeep Kaur Singh's default on LSA 1 also constitutes an event of default under the terms of LSA 2. Further, no insurance exists on the LSA 2 vehicles, which also is an event of default. Demand has been made on RDX, Inc. to make all payments and comply with the terms of LSA 2, but has failed to do so. Id. at ¶ 27.

In connection with Plaintiff making Loan 2 to RDX, Inc., Navdeep Kaur Singh executed an Unconditional Guaranty ("Guaranty 2") individually obligating him to pay all sums due to Plaintiff owed by RDX, Inc. Id. at ¶ 30 and Ex. 5. Demand has been made on RDX, Inc. and Navdeep Kaur Singh to pay all sums due to Plaintiff, but Navdeep Kaur Singh has failed to do so. Id. at ¶ 32.

In connection with Plaintiff making Loan 2 to RDX, Inc., Dave Singh also executed an Unconditional Guaranty ("Guaranty 3") individually obligating him to pall all sums due and payable to Plaintiff owed by RDX, Inc. Id. at ¶ 36 and Ex. 6. Demand has been made on RDX, Inc. and Dave Singh to pay all sums due to Plaintiff, but Dave Singh has failed to do so. Id. at ¶ 38.

Plaintiff filed the underlying action on June 29, 2017, asserting two causes of action against Defendant Navdeep Kaur Singh for breach of loan and security agreement and for breach of guaranty, and asserting two causes of action against Defendant Dave Singh for breach of unconditional guaranty. Doc. 1. Plaintiff served both Defendant Navdeep Kaur Singh and Defendant Dave Singh by substituted service on July 12, 2017. Docs. 4, 5, Proofs of Service. Defendants did not respond to the complaint, and on August 9, 2017, Plaintiff filed a request for entry of default. Doc. 6. On the same day, the Clerk of the Court entered default against Defendants Navdeep Kaur Singh and Dave Singh. Docs. 7, 8. Thereafter, on October 3, 2017, Plaintiff filed the instant motion for default judgment. Doc. 12. Plaintiff seeks default judgment against Defendants Navdeep Kaur Singh and Dave Singh, jointly and severally, in the total sum

of $1,805,529.79.

## II.    LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action.  Fed. R. Civ. P. 55(b)(2).  "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002)

## III.    DISCUSSION

### A.  Service of Process

Plaintiff is suing two individuals in this action, Navdeep Kaur Singh and Dave Singh. Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the United States.  Pursuant to Rule 4(e)(1), an individual may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located.  Under California law, if a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the individual, a summons may be served as follows:

> by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal

Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. P. 415.20(b).

According to the proofs of service on file in this case, the process server attempted personal delivery of the summons and complaint on both Defendant Navdeep Kaur Singh and Defendant Dave Singh on three separate occasions—July 6, 2017, July 10, 2017 and July 12, 2017. Doc. No. 4 at p. 4; Doc. No. 5 at p. 4. On the third attempt, the process server left copies of the summonses and complaint with the office manager at Defendants' usual place of business. Thereafter, copies of the summons and complaint were mailed to the Defendants at their usual place of business. Doc. No. 4 at pp. 4-5; Doc. No. 5 at pp. 4-5. The Court finds that Defendants were properly served under California law.

**B. The <u>Eitel</u> Factors Weigh in Favor of Default Judgment**

As discussed below, the Court finds that the <u>Eitel</u> factors weigh in favor of granting default judgment.

### 1. Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered. <u>See</u> <u>PepsiCo, Inc.</u>, 238 F.Supp.2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. <u>Id.</u>; <u>Moroccanoil, Inc. v. Allstate Beauty Prods.</u>, 847 F.Supp.2d 1197, 1200-01 (C.D. Cal. 2012). Therefore, the Court finds Plaintiff would be prejudiced if default judgment is not granted, and this factor weighs in favor of default judgment.

### 2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third <u>Eitel</u> factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1175. Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." <u>DIRECTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 854 (9th Cir. 2007). Plaintiff's complaint alleges

breach of loan and security agreements and breach of guaranties. However, neither Plaintiff's application for default judgment nor its complaint provide the relevant legal standard or analysis of these claims. Despite this deficiency, the Court will evaluate the merits and sufficiency of the complaint.

The loan agreements and guaranties at issue provide that they will be governed and construed in accordance with the laws of the state of Texas. Loan and Security Agreement ¶ 23, Ex. 2, Doc. No. 12-1; Extension to Loan and Security Agreement at p. 3, Ex. 4, Doc. No. 12-1; Loan and Security Agreement ¶ 23, Ex. 5, Doc. No. 12-1; Unconditional Guaranty ¶ 8, Ex. 7, Doc. No. 12-1; Unconditional Guaranty ¶ 8, Ex. 8, Doc. No. 12-1; Unconditional Guaranty ¶ 8, Ex. 9, Doc. No. 12-1. In determining the enforceability of a choice-of-law provision in a diversity action, such as this one, a federal court applies the choice of law rules of the forum state, in this case California. Hatfield v. Halifax PLC, 564 F.3d 1177, 1182 (9th Cir. 2009). In California, "a freely and voluntarily agreed-upon choice of law provision in a contract is enforceable 'if the chosen state has a substantial relationship to the parties or the transaction *or any other reasonable basis exists for the parties' choice of law*.' " 1–800–Got Junk? LLC v. Super. Ct., 189 Cal.App.4th 500, 513–14 (2010) (quoting Trust One Mortg. Corp. v. Invest Am. Mortg. Corp., 134 Cal.App.4th 1302, 1308 (2005) (emphasis in original). There is a strong policy in favor of enforcing choice of law provisions. 1–800–Got Junk? LLC, 189 Cal.App.4th at 513.

Here, the parties have agreed that the laws of Texas apply to claims arising out of to the loan agreements and guaranties. It is not necessary to decide whether California or Texas's substantive law governs, however, because the Court is aware of no relevant differences between the states' laws governing breach of contract claims. See Petro-Diamond Inc., v. SCB & Assocs., LLC, No. SACV 12-01893-CJC(ANx), 2013 WL 12138724, at *3 n. 4 (C.D. Cal. Sept. 18, 2013) ("The Court need not decide whether California's or Texas's substantive law governs, however, because it is aware of no relevant differences between the states' laws governing breach of contract and civil conspiracy."); see also Paramount Pictures Corp. v. Johnson Broad. Inc., No. CIV.A.H 04 03488, 2006 WL 367874, at *5 n. 6 (S.D. Tex. Feb. 15, 2006) ("The Court need

not decide whether California's or Texas's substantive law applies, however, since the law governing breach of contract claims is the same for both states.").

In order to establish a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant, and (4) resulting damages to the plaintiff. Id. at *5 (citing Reichert v. Gen. Ins. Co. of Am., 68 Cal.2d 822, 69 Cal.Rptr. 321, 442 P.2d 377, 381 (Cal. 1968) and Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App. 2005)).

With respect to the breach of guaranty claims, under California law, the elements for a breach of guaranty claim generally are the same as the elements of a breach of contract claim. See Alwood v. Montecalvo, No. CV 14-08139 MMM (PJWx), 2015 WL 13306204, at *6 (C.D. Cal. Nov. 3, 2015). Under Texas law, to prevail on a claim for breach of a guaranty, Plaintiff must establish (1) the existence and ownership of a guaranty contract; (2) the terms of the underlying contract secured by the guaranty; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor. CSFB1998-C2 TX Facilities, LLC v. Rector, No. 3:14-CV-4142-M, 2016 WL 631923, at *2 (N.D. Tex. Feb. 16, 2016).

The complaint alleges that on March 21, 2016, pursuant to LSA 1, Plaintiff loaned RDX, Inc. and Navdeep Kaur Singh $1,987,336.71. Complaint at ¶ 9 and Ex. 1. Plaintiff also was granted a security interest in the LSA 1 Vehicles and a blanket lien on all personal property assets of both RDX, Inc. and Navdeep Kaur Singh. Id. at ¶ 10. Subsequently, on February 23, 2017, Plaintiff, RDX, Inc. and Navdeep Kaur Singh entered into an Extension to LSA 1, pursuant to which RDX, Inc. and Navdeep Kaur Singh agreed to pay the unpaid balance due on LSA 1 in thirty-one (31) consecutive monthly installments beginning on April 1, 2017, in the amount of $61,636.47, and a final installment of the unpaid principal balance plus interest due under the terms of LSA 1. Id. at ¶ 11 and Ex. 2. RDX, Inc. and Navdeep Kaur Singh failed to make the monthly payment due for the month of April 2017, and each and every month thereafter. Demand has been made upon RDX, Inc. and Navdeep Kaur Singh to make all payments due and cure all defaults, but RDX, Inc. and Navdeep Kaur Singh have failed to do so.

Id. at ¶ 13.

In connection with Loan 1, Defendant Dave Singh executed Guaranty 1, individually obligating him to pay all sums due and payable to Plaintiff owed by RDX, Inc. and Navdeep Kaur Singh. Id. at ¶ 18. Demand has been made upon RDX, Inc., Navdeep Kaur Singh and Dave Singh to pay all sums due to Plaintiff and cure all defaults pursuant to LSA 1, but Dave Singh has failed to do so. Id. at ¶ 20.

On June 24, 2016, Plaintiff made a loan to RDX, Inc. pursuant to LSA 2. Under the terms of LSA 2, RDX, Inc. was to make 60 monthly installments at $11,549.10 beginning on September 5, 2016, and one installment payment of $142,222.56. Id. at ¶ 24 and Ex. 4. Plaintiff was granted a lien on other vehicles set forth in Schedule A to LSA 2. Plaintiff also was granted a lien on all other personal property collateral. Id. at ¶ 25. RDX, Inc. failed to make the monthly payment for June 2017. Plaintiff alleges that RDX, Inc. and Navdeep Kaur Singh's default on LSA 1 also constitutes an event of default under the terms of LSA 2. Further, no insurance exists on the LSA 2 vehicles, which also is an event of default. Demand has been made on RDX, Inc. to make all payments and comply with the terms of LSA 2, but it has failed to do so. Id. at ¶ 27.

In connection with Plaintiff making Loan 2 to RDX, Inc., Navdeep Kaur Singh executed Guaranty 2 individually obligating him to pay all sums due to Plaintiff owed by RDX, Inc. Id. at ¶ 30 and Ex. 5. Demand has been made on RDX, Inc. and Navdeep Kaur Singh to pay all sums due to Plaintiff, but Navdeep Kaur Singh has failed to do so. Id. at ¶ 32. In connection with Plaintiff making Loan 2 to RDX, Inc., Dave Singh also executed Guaranty 3 individually obligating him to pall all sums due and payable to Plaintiff owed by RDX, Inc. Id. at ¶ 36 and Ex. 6. Demand has been made on RDX, Inc. and Dave Singh to pay all sums due to Plaintiff, but Dave Singh has failed to do so. Id. at ¶ 38.

The Court finds that Plaintiff's complaint sufficiently states claims for breach of the loan agreements and guaranties, which weighs in favor of default judgment.

### 3. The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F Supp.2d at

1176; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Here, Plaintiff seeks a total judgment of $1,805,529.79, which includes mitigating amounts for the sale of collateral. Doc. 12. The Court finds that although the amount at stake is significant, it is proportional to the harm caused by Defendants' failure to repay the loan amounts and, therefore, this factor does not weigh against entry of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

The facts of this case are straightforward, and Plaintiff has provided the Court with well-pled allegations and a declaration with exhibits in support. Here, the Court may assume the truth of well-pled facts in the complaint following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. Defendants' failure to file an answer in this case or a response to the instant motion further supports the conclusion that the possibility of a dispute as to material facts is minimal. See, e.g., Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). This factor therefore weighs in favor of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth Eitel factor considers the possibility that Defendants' default resulted from excusable neglect. PepsiCo, Inc., 238 F.Supp.2d at 1177. Courts have found that where defendants were "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. Shanghai Automation Instrument Co. v. Kuei, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001). Upon review of the record, the Court finds that the default was not the result of excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. According to the Court's docket, Plaintiff properly served Defendants Navdeep Kaur Singh and Dave Singh by substituted service at their usual place of business. Doc. Nos. 4, 5. Moreover, Plaintiff served Defendants with a copy of the request for entry of default and the motion for default judgment. Doc. Nos. 6 at pp. 3-4, 12 at p. 3. Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendants have not appeared to date. Thus, the record suggests that they have chosen not to

1 defend this action, and not that the default resulted from any excusable neglect.  Accordingly,
2 this factor weighs in favor of the entry of a default judgment.

3                6.  <u>The Strong Policy Favoring Decisions on the Merits</u>

4       "Cases should be decided upon their merits whenever reasonably possible."  <u>Eitel</u>, 782
5 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing
6 alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.
7 <u>PepsiCo, Inc.</u>, 238 F.Supp.2d at 1177; <u>see also</u> <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694
8 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Although the Court is cognizant of the policy
9 favoring decisions on the merits, that policy is unavailable here because Defendants have not
10 responded.  Accordingly, the Court finds that this factor does not weigh against entry of default
11 judgment.

12       Upon consideration of the <u>Eitel</u> factors, the Court concludes that Plaintiff is entitled to the
13 entry of default judgment against Defendants. The Court therefore will recommend that
14 Plaintiff's Motion for Default Judgment be granted.

15       **IV.**    **Requested Relief**

16            **A. Damages**

17       LSA 1 and LSA 2 both provide that in the event of default, all liabilities of the borrower
18 become immediately due and payable and Plaintiff is entitled to have the borrower pay all
19 accrued interest, late charges, collections charges, the default rate of interest, and reimbursement
20 for any and all costs and expenses incurred in enforcing the agreement. Doc. 12-1, Ex. 2 at pp. 7-
21 8; Ex. 5 at pp. 7-8.  Pursuant to Guaranty 1, D. Singh agreed to pay on demand all sums due and
22 owing under LSA 1, along with all losses, costs, attorney's fees and expenses.  Doc. 12-1, Ex. 7
23 at ¶ 4.  Pursuant to Guaranty 2, N. Singh agreed to pay on demand all sums due and owing by
24 RDX, along with all losses, costs, attorney's fees and expenses.  Doc. 12-1, Ex. 8 at ¶ 4. Pursuant
25 to Guaranty 3, D. Singh agreed to pay on demand all sums due and owing by RDX, along with
26 all losses, costs, attorney's fees and expenses.  Doc. 12-1, Ex. 9 at ¶ 4.

27 ///
28 ///

For **Loan 1,** Plaintiff identifies the total sum owing of $1,701,203.76, which is comprised of the following:

1) Principal in the amount of $1,537,848.44; *plus*
2) Interest in the amount of $45,191.42; *plus*
3) Late charges in the amount of $27,565.78; *plus*
4) Other Account fees of $75.00; *plus*
5) Pre-payment premium in the amount of $79,968.12; *plus*
6) Expenses incurred by TBK in connection with certain of the trucks that secured LSA 1, including the repossessed trucks LSA 1 expenses in the amount of $117,555.00 …; ***minus***
7) The total sale proceeds of the Trucks that have been sold as of September 15, 2017 which secured LSA 1 in the total amount of $107,000.00.

(Doc. 12-1 at p. 14.)

For **Loan 2,** Plaintiff identifies the total sum owing of $236,202.12, which is comprised of the following:

1) Principal in the amount of $639,156.52; plus
2) Interest in the amount of $9,144.76; *plus*
3) Late charges in the amount of $5,774.50; *plus*
4) Cost of force placed insurance for the trucks in the amount of $6,469.00; *plus*
5) Pre-payment premium in the amount of $62,637.34; *plus*
6) Expenses incurred by TBK in connection with the five Trucks that secured LSA 2 in the amount of $38,020.00; ***minus***
7) The total sale proceeds of the Trucks that have been sold as of September 20, 2017 that secured LSA 2 in the total amount of $525,000.00.

Doc. 12-1 at pp. 13-14. These requested amounts are supported by an itemized statement. (Id. at Ex. 24.) The agreements, guaranties and itemized statement constitute sufficient proof that Plaintiff has sustained damages for the breaches of the agreements and guaranties.

Based on breach of the loan agreements and guaranties, Plaintiff seeks judgment in the total amount of $**1,781,830.88** for Loans 1 and 2. Doc. 12-1 at p. 13. However, the Court's calculations indicate that the amount owing from Loans 1 and 2 total $1,937,405.88. The apparent discrepancy results from the failure to include expenses totaling $155,575.00 ($117,555.00 for Loan 1 and $38,020.00 for Loan 2) in the request calculation. Doc. 12-1 at Ex. 24. It is unclear why this amount was not included. Nevertheless, the Court will recommend

entering judgment in the amount of $1,937,405.88.

### B. Attorneys' Fees

Plaintiff seeks a total amount of $23,698.91 in attorneys' fees and costs, which includes amounts incurred in the RDX bankruptcy securing relief from the stay and repossessing the collateral trucks and trailers. Doc. 12-1 at pp. 12-13, 15. "California and Texas both enforce contractual provisions allowing the collection of reasonable attorneys' fees. Cal. Civ. Proc. Code § 1021; Gil v. Mansano, 121 Cal.App.4th 739, 742-43 (2004); Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (allowing prevailing party in a breach of contract action to collect attorneys' fees as a default rule); Intercontinental Grp. P'ship v. KB Home Lone Star L.P., 295 S.W.3d 650, 653 (Tex. 2009) (finding that parties may specifically contract for a broader or narrower attorney's fees provision than the default rule laid out by statute). The Court therefore finds that Plaintiff is entitled to reasonable attorneys' fees.

To determine a reasonable attorneys' fee, or "lodestar," the starting point is the number of hours reasonably expended multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court, in considering what constitutes a reasonable hourly rate, looks to the prevailing market rate in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 (1984). The "relevant community" for the purposes of the lodestar calculation is generally the forum in which the district court sits. Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013). The relevant community here is the Fresno Division of the Eastern District of California.

In the Fresno Division of the Eastern District of California, attorneys with twenty or more years of experience are awarded $350.00 to $400.00 per hour. See, e.g. Leprino Foods Co. v. JND Thomas Co., Inc., No. 1:16-cv-01181-LJO-SAB, 2017 WL 128502, at *13 (E.D. Cal. Jan. 12, 2017), report and recommendation adopted in part, No. 1:16-cv-01181-LJO-SAB, 2017 WL 432480 (E.D. Cal. Feb. 1, 2017) (finding $400.00 per hour a reasonable hourly rate for attorney with more than thirty years of experience); Sanchez v. Frito-Lay, Inc., No. 1:14-CV-00797 AWI-MJS, 2015 WL 4662636, at *18 (E.D. Cal. Aug. 5, 2015), report and recommendation adopted, No. 1:14-CV-797-AWI-MJS, 2015 WL 5138101 (E.D. Cal. Aug. 26, 2015) (finding reasonable

rate for attorney with twenty years of experience was $350 per hour in a wage and hour class action); <u>Willis v. City of Fresno</u>, No. 1:09-CV-01766-BAM, 2014 WL 3563310, at *12 (E.D. Cal. July 17, 2014) adhered to on reconsideration, No. 1:09-CV-01766-BAM, 2014 WL 4211087 (E.D. Cal. Aug. 26, 2014) (awarding attorneys with over twenty five years of experience $380.00 per hour). Generally, "$300 is the upper range for competent attorneys with approximately a decade of experience." <u>Barkett v. Sentosa Props. LLC</u>, No. 1:14–CV–01698-LJO, 2015 WL 5797828, at *5 (E.D. Cal. Sept. 30, 2015) (O'Neill, J.) (citing <u>Silvester v. Harris</u>, No. 1:11–CV–2137 AWI SAB, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17 2014). For attorneys with "less than ten years of experience ... the accepted range is between $175 and $300 per hour." <u>Silvester</u>, 2014 WL 7239371 at *4 (citing <u>Willis v. City of Fresno</u>, 1:09-cv-01766-BAM, 2014 WL 3563310 (E.D. Cal. July 17, 2014); <u>Gordillo v. Ford Motor Co.</u>, No. 1:11-cv-01786 MJS, 2014 WL 2801243 (E.D. Cal. June 19, 2014)). Finally, "[t]he current reasonable hourly rate for paralegal work in the Fresno Division ranges from $75 to $150, depending on experience." <u>Silvester</u>, 2014 WL 7239371, at *4 (citations omitted); cf. <u>Franco v. Ruiz Food Prods., Inc.</u>, No. 1:10–cv–02354–SKO, 2012 WL 5941801, at *20 (E.D. Cal. Nov. 27, 2012) (approving a rate of "$100 per hour" for "legal assistants).

Here, Plaintiff is seeking 16.1 hours at a rate of $315 per hour for the services of Gerrrick M. Warrington, 23.6 hours at a rate of $465 per hour for the services of Andrew K. Alper, 5.3 hours at a rate of $440 per hour for the services of Marshall J. August, 5.2 hours at a rate of $410 for the services of Michael J. Gomez, and 2.3 hours at a rate of $375 per hour for the services of Damon Rubin. Plaintiff also is seeking 1.3 hours at a rate of $195 for the services of Ronnie Auceda and Sandra Barnett, apparent paralegals or legal assistants. Plaintiff's identified rates are generally higher than the prevailing rates in this district, and Plaintiff fails to provide any information regarding the legal experience of counsel.

Despite the deficiency in Plaintiff's moving papers, the Court takes judicial notice of the State Bar of California website, which shows that Mr. Warrington was admitted to practice in 2013 and has less than 5 years of experience, Mr. Alper was admitted to practice in 1979 and has more than 35 years of experience, Mr. August was admitted to practice in 1982 and has 35 years

of experience, Mr. Gomez was admitted to practice in 2007 and has approximately 10 years of experience, and Mr. Rubin was admitted in 1996 and has more than 20 years of experience. Given this information, the Court finds a rate of $400 per hour to be reasonable for the services of Mr. Alper and Mr. August, a rate of $350 per hour to be reasonable for the services of Mr. Rubin, and a rate of $300 per hour for the services of Mr. Gomez and Mr. Warrington. Further, the Court finds a rate of $150 per hour the services of Ronnie Auceda and Sandra Barnett. With these hourly rates, the Court will recommend that attorney fees be awarded in the amount of $18,950.00 (28.9 hours x $400/hour = $11,560 for the services of Mr. Alper and Mr. August; 2.3 hours x $350/hour = $805 for the services of Mr. Rubin; 21.3 hours x $300/hour = $6,390 for the services of Mr. Gomez and Mr. Warrington; 1.3 hours x $150/hour = $195 for the services of Ronnie Auceda and Sandra Barnett).

Plaintiff additionally requests an award of costs incurred in the amount of $2,073.41, which includes filing fees, service of the summons and complaint, copying, mailing, delivery and other associated litigation costs. Doc. 12-1 at p. 12 and Ex. 21. The Court finds the requested costs reasonable.

## V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (Doc. 12) be granted; and

2. Default judgment be entered in favor of Plaintiff and against Defendants Navdeep Kaur Singh and Dave Singh, jointly and severally, in the amount of $1,958,429.29, which includes the sum of $21,023.41 of reasonable attorneys' fees and costs.

IT IS FURTHER RECOMMENDED that because Plaintiff has possession of certain trucks and trailers which are the collateral for the loans it made to RDX, Inc. and Navdeep Kaur Singh and which were guaranteed by the Defendants herein, which have not yet been sold, leased or otherwise disposed of, the net proceeds from said sale(s), after deduction of reasonable expenses not otherwise part of the judgment, of retaking, holding, preparing for sale, selling and the like, shall be applied to reduce the amount of the judgment herein and Plaintiff shall file a Partial Satisfaction of Judgment giving credit to the Defendants, and each of them, jointly and

severally, for the proceeds from the sale(s) of the trucks and trailers.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 23, 2018**__          ___/s/ Barbara A. McAuliffe___
                                        UNITED STATES MAGISTRATE JUDGE